BYRON CENTER PUBLIC SCHOOLS BOARD OF EDUCATION v
KENT COUNTY EDUCATION ASSOCIATION

Docket No. 110752. Submitted November 15, 1989, at Grand Rapids.
Decided February 23, 1990.

The Byron Center Public Schools Board of Education brought an
action in the Kent Circuit Court against the Kent County
Education Association, seeking to vacate an arbitration award
which had ordered the plaintiff to pay additional child care
expenses incurred by the grievant, Sharon Bylsma, because of
changes in her teaching schedule. The trial court, George S.
Buth, J., held that the arbitrator had exceeded his authority in
making the award and entered an order vacating the arbitra-
tion award. Defendant appealed.

The Court of Appeals *held:*

The trial court erred in vacating the award. The arbitrator
drew his power to enforce equitable principles from the parties'
collective bargaining contract and did not exceed his authority.

Reversed, arbitration award reinstated.

1. ARBITRATION — APPEAL.

Judicial review of an arbitration decision is very limited; a court
may not review an arbitrator's factual findings or decision on
the merits.

2. ARBITRATION — CONTRACTS.

An arbitrator's jurisdiction and authority to resolve a particular
dispute concerning the appropriate interpretation of a collec-
tive bargaining agreement derive exclusively from the contrac-
tual agreement of the parties, and an arbitrator does not have
general jurisdiction to resolve matters independent of the arbi-
tration contract.

*Varnum, Riddering, Schmidt & Howlett* (by
*Thomas J. Barnes*), for the plaintiff.

REFERENCES
Am Jur 2d, Arbitration and Award §§ 90, 145.
See the Index to Annotations under Arbitration and Award; Schools
and Education.

*Foster, Swift, Collins & Coey, P.C.* (by *Stephen O. Schultz* and *Kathleen A. Feeney*), for the defendant.

Before: CYNAR, P.J., and MARILYN KELLY and T. G. KAVANAGH,[*] JJ.

PER CURIAM. Defendant appeals as of right the circuit court's order vacating an arbitration award. The arbitrator ruled that plaintiff must pay the grievant's additional child care expenses incurred due to changes in her teaching schedule. Plaintiff had extended grievant's workday giving her an unpaid captured period during the 1986-87 school year. The trial court held that the arbitrator exceeded his authority in making the award. We reverse and reinstate the award.

The grievant, Sharon Bylsma, was a part-time high school art teacher for the Byron Center Public Schools during the 1985-86 school year. In June of 1986, the high school and middle school principals proposed and Bylsma agreed to a tentative scheduling adjustment which would make her a full-time teacher the next year. One hour of middle school art was to be added to her previous schedule. The beginning of her day was to be moved up one hour to 8:05 A.M., followed by a period for the middle school art class.

Unfortunately, the middle school principal died during the summer. He left no written schedule. His successor did not schedule a middle school art class for Bylsma, and the high school principal, nonetheless, began her day at 8:05 A.M. As a result, Bylsma was not a full-time teacher and was left with an unpaid captured hour. During previous years, she had had no unassigned or unpaid periods.

---

[*] Former Supreme Court justice, sitting on the Court of Appeals by assignment.

Defendant filed a grievance on Bylsma's behalf asserting that the district had violated the collective bargaining agreement and demanding the full-time pay Bylsma had anticipated. The arbitrator concluded that, although the board was entitled to establish a teaching schedule, it had not done so equitably with respect to Bylsma. Rather than the damages sought, however, he awarded only the extra day care expenses Bylsma incurred as a result of starting her teaching day earlier.

On appeal, defendant argues that the court erred in vacating the arbitration award.

Judicial review of an arbitration decision is very limited. A court may not review an arbitrator's factual findings or decision on the merits. *Port Huron Area School Dist v Port Huron Ed Ass'n,* 426 Mich 143, 150; 393 NW2d 811 (1986). An arbitrator's jurisdiction and authority to resolve a particular dispute concerning the appropriate interpretation of a collective bargaining agreement derive exclusively from the contractual agreement of the parties. An arbitrator does not have general jurisdiction to resolve matters independent of the arbitration contract.

In this case, Article 3, § 5, of the contract provides:

> It is agreed that the Board retains the right among others, to establish and equitably enforce reasonable rules and personnel policies relating to the duties and responsibilities of teachers and their working conditions which are not inconsistent with the provisions of this agreement or [a] violation of the law.

The arbitrator concluded that, although it was reasonable to assign Bylsma the same classes as during the previous year, it was not equitable to

assign her an unpaid captured hour. He drew his power to enforce equitable principles from the contract which specifically required the board to enforce its rules and policies equitably. The arbitrator did not exceed his authority. The court erred in vacating the award.

Reversed. The arbitration award is reinstated.